IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Donald Smith, | ) | |
| | ) | C/A No. 8:26-cv-00626-TMC-WSB |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| National General Insurance Company | ) | |
| d/b/a Direct Auto Insurance, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Defendant National General Insurance Company's ("NGIC") Motion to Dismiss.  ECF No. 9.  Plaintiff, who is an attorney proceeding *pro se*, brings this action against NGIC seeking declaratory relief and asserting common law claims arising from an insurance dispute.  ECF No. 1-1.  Pursuant to 28 U.S.C. § 1332(a) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases involving *pro se* litigants and submit findings and recommendations to the district court.

## BACKGROUND

Plaintiff commenced this action on January 6, 2026, by filing a Complaint in the Anderson County Court of Common Pleas.  ECF No. 1-1.  NGIC removed this action to this Court on February 12, 2026.  ECF No. 1.  In the Complaint, Plaintiff asserts four enumerated Causes of

Action: (1) declaratory judgment[1]; (2) breach of contract; (3) bad faith refusal to pay insurance benefits (a "bad faith claim"); and (4) defamation.  ECF No. 1-1.

On February 19, 2026, NGIC filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 17(a).  ECF No. 9.  On March 5, 2026, Plaintiff filed a Response.  ECF No. 13.  On March 13, 2026, NGIC filed a Reply.  ECF No. 14.  This matter is ripe for review.

<u>**STANDARD OF REVIEW**</u>

**Federal Rule of Civil Procedure 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move to dismiss an action for lack of subject-matter jurisdiction.  Fed. R. Civ. Pro. 12(b)(1).  "Rule 12(b)(1) governs motions to dismiss for mootness and for lack of standing, which pertain to subject matter jurisdiction." *Fidelis Cybersecurity, Inc. v. Partner One Cap., Inc.*, 771 F.Supp.3d 614, 623 (D. Md. 2025) (citing *Stone v. Trump*, 400 F.Supp.3d 317, 333 (D. Md. 2019)).  The United States Court of Appeals for the Fourth Circuit has recognized that there are two types of challenges that may be brought by a motion to dismiss pursuant to Rule 12(b)(1): (1) a "facial challenge to subject matter jurisdiction" wherein a defendant "contend[s] 'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based'"; or (2) a "factual challenge" wherein a defendant "challenges the factual predicate of subject matter jurisdiction" by contending that "'the jurisdiction allegations of the complaint [are] not true."  *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *see 24th Senatorial Dist. Republican Comm. v. Alcorn*, 820 F.3d 624, 628-29 (4th Cir. 2016) (recognizing the distinction between facial and factual challenges to subject matter jurisdiction pursuant Rule 12(b)(1)) (citing *Kerns*, 585 F.3d at

---

[1] Plaintiff seeks a declaration that the relevant insurance policy "provided coverage for Plaintiff's 2019 Mercedes AMG GT-S on March 12, 2025, and that NGIC is obligated to provide liability and property damage coverage for the accident."

192; *Adams*, 697 F.2d at 1219); *see also Fidelis Cybersecurity, Inc.*, 771 F.Supp.3d at 623-24 (same) (citation omitted).

When a defendant makes a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Lowy v. Daniel Def., LLC*, 167 F.4th 175, 193 (4th Cir. 2026) (quoting *Adams*, 697 F.2d at 1219). Thus, for a facial challenge, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. *Evans v. United States*, 105 F.4th 606, 615 (4th Cir. 2024) (citing *Kerns*, 585 F.3d at 192); *Adams*, 697 F.2d at 1219.

When a defendant makes a factual challenge to subject matter jurisdiction, "the district court need not assume the truth of the allegations, may decide disputed issues of fact, and may venture outside of the pleadings to resolve the challenge." *Evans*, 105 F.4th at 615 (citing *Kerns*, 585 F.3d at 192); *see Mowery v. Nat'l Geospatial-Intel. Agency*, 42 F.4th 428, 433 (4th Cir. 2022) (recognizing that a factual challenge provides the trial court with the discretion to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.") (quoting *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017); *Kerns*, 585 F.3d at 192); *Alcorn*, 820 F.3d at 629 (recognizing that for a factual challenge under Rule 12(b)(1), "[t]here is no presumption of truth and the court weighs the evidence presented in a 12(b)(1) hearing to determine jurisdiction.") (citing *Adams*, 697 F.2d at 1219).

However, for a factual challenge under 12(b)(1), when the jurisdictional facts are "inextricably intertwined" with the facts central to the merits of a claim, the court "should resolve the relevant factual disputes only after appropriate discovery." *Kerns*, 585 F.3d at 193 (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)); *see, e.g.*, *Fidelis Cybersecurity, Inc.*, 771 F. Supp. 3d at 624

3

("[W]here the jurisdictional facts are intertwined with the facts central to the merits of the dispute, a presumption of truthfulness should attach to the plaintiff's allegations. In that situation, the defendant has challenged not only the court's jurisdiction but also the existence of the plaintiff's cause of action, and so plaintiff should be afforded the procedural safeguards—such as discovery—that would apply were the plaintiff facing a direct attack on the merits.") (citations and quotation marks omitted).

**Federal Rule of Civil Procedure 12(b)(6)**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F.Supp.3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Rule 8(a) sets forth a liberal pleading standard, which requires only a "short and plain statement of the claim showing the pleader is entitled to relief, in order to give the defendant fair notice of what ... the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotation marks omitted). "In assessing the sufficiency of a complaint, [the court] assume[s] as true all its well-pleaded facts and draw[s] all reasonable inferences in favor of the plaintiff." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (citing *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. Am. Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

**Federal Rule of Civil Procedure 17(a)**

Federal Rule of Civil Procedure 17(a) provides that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). The Supreme Court of the United States has made clear that Rule 17(a) "speaks to the joinder of *plaintiffs*, not defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 90 (2005) (emphasis in the original).

## FACTUAL ALLEGATIONS[2]

On January 29, 2025, NGIC issued an insurance policy, Policy No. 2015890707, ("the Policy") providing coverage to Plaintiff through July 29, 2025. ECF No. 1-1 ¶ 6. Plaintiff's "prior insured vehicle," a 2015 Mercedes S63 AMG, was totaled in a collision. *Id.* ¶ 7. On February 24, 2024, NGIC took possession of the prior insured vehicle and the title to such vehicle. *Id.* ¶ 7. On March 2, 2024, Plaintiff purchased a 2019 Mercedes AMG GT-S ("2019 vehicle") while continuing to make insurance premium payments to NGIC. *Id.* ¶ 8.

On March 12, 2025, Plaintiff was involved in another motor vehicle accident while driving the 2019 vehicle. ECF No. 1-1 ¶ 9. NGIC denied coverage, asserting that the 2019 vehicle was not added to the Policy until March 27, 2025. *Id.* ¶ 10. The South Carolina Department of Motor Vehicles ("SCDMV") charged Plaintiff with failure to maintain insurance based on NGIC's denial of coverage. *Id.* ¶ 12.

---

[2] The facts are taken from the Complaint. ECF No. 1-1.

On March 27, 2025, Plaintiff received a letter of coverage from NGIC indicating coverage was in effect from January 29, 2025, to July 29, 2025. *Id.* ¶ 11. Plaintiff made continuous insurance premium payments, totaling $10,047.89, during the period beginning with the purchase of the 2019 vehicle on March 2, 2024, and March 31, 2025. *Id.*

**Attachments to the Complaint**

Plaintiff attached four exhibits to the Complaint. Exhibit 1 is an email sent from Kelly Weis[3] from an NGIC email account on February 26, 2024, reading, "Please drop off title to the address below." ECF No. 1-1 at 8. Exhibit 2 is titled "Payment History" and shows varying payment amounts made on different dates between March 29, 2024 and March 31, 2025, totaling $10,047.89. *Id.* at 9. Exhibit 3 is a "Letter of Coverage" dated March 27, 2025, setting out insurance coverage with limits and deductibles for Plaintiff and the 2019 vehicle for a policy period between January 29, 2025, and July 29, 2025. *Id.* at 10. Notably, the letter bears two letterheads, one for "Direct Auto Insurance" and one for "Integon Indemnity Corporation a National General Insurance Company." *Id.* Exhibit 4 is a SCDMV form titled "Response to Financial Responsibility Accident" for the March 12, 2025 accident. *Id.* at 11.

**NGIC's Factual Assertions**

NGIC asserts the following[4]:

1. The Policy is a contract between Integon Indemnity Corporation ("Integon") and Plaintiff. ECF No. 9-1 at 1.

---

[3] Kelly Weis' email signature appears to show that Weis is a "Total Loss Specialist" for NGIC.

[4] NGIC's Motion to Dismiss states that "[t]he undersigned counsel for [NGIC] anticipates supplementing [NGIC]'s Motion to Dismiss … with relevant supporting documents," but no such "relevant supporting documents" have been filed. ECF No. 9-1 at 5.

2. Neither NGIC or Integon had notice that Plaintiff had purchased the 2019 vehicle or the Plaintiff wished to replace the prior insured vehicle with the 2019 vehicle on the Policy at the time of the March 12, 2025 accident.  ECF No. 9-1 at 2.

3. On March 27, 2025, the Policy was amended via endorsement to add the 2019 vehicle to the Policy, effective starting March 27, 2025.  ECF No. 9-1 at 2.

4. Integon resolved the insurance claims related to the March 12, 2025 accident, including: (1) the other driver's property damage claim via payment to the driver's insurance carrier on December 3, 2025; (2) the other driver's bodily injury claim via payment to the driver on July 15, 2025; and (3) Plaintiff's collision claim via payment to Plaintiff on June 10, 2025.  ECF No. 9-1 at 3.

## **ANALYSIS**

NGIC contends that the Complaint is subject to dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 17(a).  *See generally* ECF No. 9-1.

**Subject Matter Jurisdiction**

NGIC contends that the Second and Third Causes of Action asserting the breach of contract and bad faith refusal to pay insurance benefits claims are subject to dismissal pursuant to Rule 12(b)(1) because such claims are moot.

**Standard of Review**

The proper standard of review pursuant to 12(b)(1) depends on whether the movant is lodging a facial or factual challenge to subject matter jurisdiction.

NGIC argues that Integon resolved the insurance claims arising from the March 12, 2025 accident because Integon paid all of the relevant insurance claims.  ECF No. 9-1 at 7.  In effect, NGIC is contesting Plaintiff's allegations that NGIC refused coverage or breached the insurance

policy by failing to pay insurance claims in accordance with such policy. This is not a facial challenge in which NGIC is arguing that Plaintiff failed to plead sufficient jurisdictional facts. *See Kerns*, 585 F.3d at 192 (recognizing that a facial challenge exists when a defendant contends "'that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based.'") (quoting *Adams*, 697 F.2d at 1219). Rather, NGIC is contesting facts by arguing that the coverage was not denied because Integon resolved the insurance claims arising from the March 12, 2025 accident. *See id.* (recognizing that a factual challenge exists when a defendant contends "'that the jurisdictional allegations of the complaint [are] not true.'") (quoting *Adams*, 697 F.2d at 1219). Thus, NGIC's jurisdictional challenge falls into the factual challenge category.

Under a factual challenge, unless the contested facts are "inextricably intertwined" with the merits of an action, the Court may look past the pleadings, weighing evidence attached to the pleadings or hold an evidentiary hearing. *Evans*, 105 F.4th at 615 (citing *Kerns*, 585 F.3d at 192); *see Mowery*, 42 F.4th at 433 (recognizing that a factual challenge provides the trial court with the discretion to "go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations.") (quoting *Beck*, 848 F.3d at 270; *Kerns*, 585 F.3d at 192); *Alcorn*, 820 F.3d at 629 (recognizing that for a factual challenge under Rule 12(b)(1), "[t]here is no presumption of truth and the court weighs the evidence presented in a 12(b)(1) hearing to determine jurisdiction.") (citing *Adams*, 697 F.2d at 1219).

If the contested facts are intertwined with the merits, then the complaint is afforded the same presumption of truth as the 12(b)(6) standard and procedural protection including discovery. *See Kerns*, 585 F.3d at 193 (citing *Bell*, 327 U.S. at 682); *see, e.g.*, *Fidelis Cybersecurity, Inc.*, 771 F. Supp. 3d at 624 ("[W]here the jurisdictional facts are intertwined with the facts central to the merits of the dispute, a presumption of truthfulness should attach to the plaintiff's allegations. In

that situation, the defendant has challenged not only the court's jurisdiction but also the existence of the plaintiff's cause of action, and so plaintiff should be afforded the procedural safeguards—such as discovery—that would apply were the plaintiff facing a direct attack on the merits.") (citations and quotation marks omitted).

NGIC's factual challenge is inextricably intertwined with the merits of Plaintiff's breach of contract and bad faith claims. NGIC is challenging Plaintiff's allegations that NGIC breached the Policy by denying coverage for insurance claims relating to the March 12, 2025 accident. Under South Carolina law, breach or unjustifiable failure to perform a contract is an element of a breach of contract claim. *See*, *e.g.*, *Glytec LLC v. Prisma Health*, C/A No. 6:25-cv-03211-DCC, 2026 WL 884492, at *8 (D.S.C. Mar. 31, 2026) (recognizing that "breach or unjustifiable failure to perform [a] contract" is an element for a breach of contract claim under South Carolina law.) (citing *Fuller v. E. Fire & Cas. Ins. Co.*, 124 S.E.2d 602, 610 (S.C. 1962)). Under South Carolina law, refusal by the insurer to pay benefits due under an insurance contract is an element of a bad faith claim. *See*, *e.g.*, *Romero v. Nat'l Gen. Ins. Co.*, 663 F. Supp. 3d 489, 488 (D.S.C. 2023) (recognizing that "refusal by the insurer to pay benefits due under [a] contract" is an element of a bad faith claim under South Carolina law.) (quoting *Crossley v. State Farm Mut. Auto. Ins. Co.*, 415 S.E.2d 393, 396–97 (S.C. 1992)). Because NGIC is challenging facts necessary to establish an element of both the breach of contract and bad faith claims, NGIC's factual challenge to subject matter jurisdiction is "inextricably intertwined" with the merits of such claims. *See Fidelis Cybersecurity, Inc.*, 771 F. Supp. 3d 614, 626 (recognizing that "[a]n evaluation of whether jurisdictional and merits facts are intertwined rests on an analysis of [whether] the jurisdictional and merits inquiries turn on the same operative question of fact.") (quoting *CBX Techs., Inc. v. GCC Techs., LLC*, 457 F. App'x 299 (4th Cir. 2011)) (internal quotations omitted); *Kerns*, 585 F.3d

9

at 195 (finding that the jurisdictional facts and merits of a plaintiff's FTCA claim were intertwined "[b]ecause the scope-of-employment issue is determinative of both jurisdiction and the underlying merits of an FTCA claim …").  Accordingly, the allegations in the Complaint are afforded the presumption of truth and procedural safeguards—namely discovery—are appropriate at the 12(b) stage of this matter.[5]  *See*, *e.g.*, *Kerns*, 585 F.3d at 193 (recognizing that when a factual challenge to subject matter jurisdiction challenges jurisdictional facts intertwined with the merits of a claim the court must afford the presumption of truthfulness to the plaintiff's allegations and allow for discovery) (citing *Adams*, 697 F.2d at 1219); *Spurling v. Metro. Life Ins. Co.*, C/A No. 2:24-cv-00614, 2025 WL 1840669, at *4 (S.D.W. Va. July 3, 2025) ("For inextricably intertwined challenges, 'the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous.'") (citation omitted); *Cook v. Superior Assisted Living, LLC*, C/A No. EA-24-cv-815, 2024 WL 4894923, at *5 (D. Md. Nov. 26, 2024) ("The Fourth Circuit Court of Appeals has instructed that 'when the jurisdictional facts and the facts central to a ... claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues.'") (citations omitted).

Based on the foregoing, NGIC's jurisdictional challenge based on Rule 12(b)(1) should be denied at this stage to allow for appropriate discovery.  Nonetheless, the Court discusses NGIC's mootness arguments below.

---

[5] Because NGIC's factual challenge is intertwined with the breach elements of the breach of contract and bad faith claims, an evidentiary hearing at this stage is not necessary.

10

**Mootness**

NGIC contends that the Second and Third Causes of Actions asserting the breach of contract and bad faith refusal to pay insurance benefits claims are subject to dismissal pursuant to Rule 12(b)(1) because such claims are moot.  ECF No. 9-1 at 7-8.  NGIC argues that such claims are moot because Integon previously resolved the insurance claims arising from and related to the March 12, 2025 accident.  *Id.*  To support this argument, NGIC, without any supporting evidence, asserts the following:

> Eventually, Integon resolved the claims related to Plaintiff's March 12, 2025 automobile accident.  This included resolution of Victoria Maddox's[6] property damage claim via payment to her insurance carrier on December 3, 2025; resolution of Ms. Maddox's bodily injury claim via payment to Ms. Maddox on July 15, 2025; and resolution of Plaintiff's collision claim via payment to Plaintiff on June 10, 2025.

ECF No. 9-1 at 3.  NGIC further asserts that, "upon information and belief, the resolution of those claims by Integon is undisputed."[7]  *Id.* at 7.  Thus, NGIC argues that there is no longer a live controversy concerning the breach of contract and bad faith refusal to pay insurance benefits claims.  *Id.* (citing *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) ("A case that becomes moot at any point during the proceedings is "no longer a 'Case' or 'Controversy' for purposes of Article III, and is outside the jurisdiction of the federal courts.")).

Plaintiff contends that NGIC's arguments as to mootness fail as a matter of law because he seeks a declaration of coverage, damages caused by delayed and denied coverage, and damages from being reported as uninsured.  ECF No. 13 at 3.  Plaintiff further argues that a defendant cannot

---

[6] It appears that Victoria Maddox is the other driver involved in the March 12, 2025 accident.

[7] Based on the parties' filings to this Court, it appears that Plaintiff does not agree that all issues regarding the insurance claims were resolved.  ECF No. 13 at 3-4.

moot bad-faith claims by eventually paying after denial, particularly where consequential damages, reputational harm, and punitive damages are being alleged. *Id.* at 3-4. Plaintiff further contends that ongoing legal and reputational consequences defeat mootness. *Id.* at 4. Plaintiff argues that the SCDMV charges for failure to maintain insurance, exposure to criminal liability, and reputational harms are continuing, live controversies. *Id.* Thus, Plaintiff argues that declaratory relief remains appropriate to resolve the parties' rights retroactively and prospectively. *Id.*

"[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction.... [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011) (quoting *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008)). "Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Id.* (quoting *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983)). "A case can become moot either due to a change in factual circumstances, or due to a change in the law." *Id.* (quoting *BankWest, Inc., v. Baker*, 446 F.3d 1358, 1364 (11th Cir. 2006)). "Generally speaking, one such [factual] circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim." *Id.* (quoting *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002)).

At this stage, the Court declines finding that the breach of contract and bad faith refusal to pay insurance benefits claims are moot. First, as discussed above, given that NGIC lodges a factual challenge to jurisdictional facts that are inextricably intertwined with the merits of the breach of contract and bad faith claims, the Complaint is afforded the presumption of truth and "the court should resolve the relevant factual disputes only after appropriate discovery." *Kerns*, 585 F.3d at

193.  In addition, NGIC failed to submit any evidence showing that Integon satisfied the insurance claims relating to the March 12, 2025 accident as alleged in its Motion.  Furthermore, while NGIC asserts that Plaintiff does not dispute that the insurance claims were resolved by Integon, Plaintiff does not stipulate or otherwise subscribe to such assertion in any filing.  Therefore, the Court declines finding that Integon resolved the insurance claims related to the March 12, 2025 accident at this stage.

Second, even if Integon satisfied the insurance claims related to the March 12, 2025 accident, at this stage, the Court could not find that such satisfaction necessarily moots the breach of contract and bad faith claims in their entirety.  Plaintiff argues that he suffered damages resulting from delayed resolution of the insurance claims related to the March 12, 2025 accident.  ECF No. 13 at 3-4.  In addition, Plaintiff alleges exposure to liability, defense costs, reputational harm, punitive damages, and attorney's fees.  ECF No. 1-1 ¶¶ 21, 27.  Thus, the eventual payment of the insurance claims does not necessarily moot the breach of contract and bad faith claims.  *See*, *e.g.*, *Mitchell Tracey v. First Am. Title Ins. Co.*, 935 F.Supp.2d 826, 838-39 (D. Md. 2013) (finding that an insurer's payment of overcharge and interest to the class of plaintiffs did not justify dismissal on mootness grounds because the plaintiffs' claims sought treble damages, attorney's fees, and costs); *Sumpter v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, C/A No. 1:19-cv-03270-JMC, 2021 WL 4710808, at *6-7 (D. Md. Oct. 8, 2021) (finding that a plaintiff's breach of contract claim was not moot as to an issue of whether the insurer owed the plaintiff interest based on the insurance policy, but also finding that the breach of contract claim was moot to the extent that the insurer paid its indemnity under the insurance policy because the court found that the insurer made such payment on summary judgment); *Flowers v. Anderson*, C/A No. 2:17-cv-2739-BHH-MGB, 2018 WL 3254485, at *5-6 (D.S.C. May 11, 2018) (finding that a plaintiff's tortious interference with

13

contract claim was not moot based on the plaintiff's receipt of half of his attorney's fees because the plaintiff could still recover for "consequential losses for which the interference is the legal cause" and "emotional distress or actual harm to reputation …") (citing *Collins Music Co. v. Smith*, 503 S.E.2d 481, 482 (S.C. Ct. App. 1998)), *R&R adopted by* 2018 WL 3980210 (D.S.C. Aug. 21, 2018); *compare Sumpter v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, C/A No. 1:19-cv-03270-JMC, 2021 WL 4710808, at *4-5 (D. Md. Oct. 8, 2021) (finding that a reformation claim seeking to reform certain insurance policies to include a property endorsement was moot on motion for summary judgment because the plaintiff recovered "the benefit of the policies to the full extent of its assigned rights because Penn National has now paid its full indemnity obligations as previously determined by this [c]ourt … attributable to the [insurance] policies."). Based on the foregoing, the undersigned recommends that the district court deny NGIC's Motion to Dismiss as to the Second and Third Causes of Action.

**Real Party in Interest**

NGIC contends that it is not the proper defendant in this action. ECF No. 9-1 at 6-7. Rather, NGIC argues that Integon is the proper defendant. *Id.* NGIC asserts that only Integon and Plaintiff were the parties to the Policy because Integon was the "underwriting entity."[8] *Id.* NGIC asserts that the letter attached to the Complaint identifies Integon as the underwriting entity. *Id.* at 6; *see* ECF No. 1-1 at 10. NGIC also answered a Local Rule 26.01 Interrogatory as follows:

> NGIC is improperly identified. The purported underwriting entity at issue in this action is or was Integon Indemnity Corporation, not NGIC. The undersigned counsel can accept service of an amended pleading.

---

[8] It appears that Integon generally serves as an underwriting entity for NGIC. *See*, *e.g.*, *Romero*, 663 F.Supp.3d at 492 (recognizing that the plaintiff "was insured under an automobile insurance policy issued by NGIC and underwritten by Integon.").

14

ECF No. 3 at 3.

NGIC contends that because it is not the proper party in this action, the Complaint is subject to dismissal pursuant to Rule 12(b)(6). ECF No. 9-1 at 7 (citing *S.C. Dep't Of Health And Env't Control v. Com. & Indus. Ins. Co.*, 372 F.3d 245, 259 (4th Cir. 2004); *Trancik v. USAA Ins. Co.*, 581 S.E.2d 858, 861 (S.C. Ct. App. 2003)). NGIC argues that there is no privity of contract between Plaintiff and NGIC because Integon, as the underwriting entity for the Policy, is the party which was in privity of contract with Plaintiff. *Id.* Alternatively, NGIC contends that because it is not the proper party in this action, Plaintiff must substitute NGIC for Integon, the real party in interest, pursuant to Rule 17(a). *Id.*

While NGIC asserts that direct actions against insurers under South Carolina law must be maintained against the party who is in privity of contract with the plaintiff, Plaintiff alleges that NGIC issued the Policy and that the Policy was a valid contract of insurance between Plaintiff and NGIC. ECF No. 1-1 ¶¶ 6, 18. Plaintiff further alleges that NGIC conducted itself as an insurer would, including by taking possession and title to Plaintiff's previous vehicle, accepting insurance premiums, and sending letters of coverage to Plaintiff. *Id.* ¶¶ 7, 11, 13, 24. These allegations are taken as true for a Rule 12(b)(6) motion. Moreover, the letter on which NGIC relies bears both a "Direct Auto Insurance" and "Integon Indemnity Corporation (A National General Insurance Company)" letterheads. *See* ECF No. 1-1 at 10. Thus, under the 12(b)(6) standard of review wherein Plaintiff's allegations are accepted as true, the Court cannot find as a matter of law that Plaintiff and Integon, rather than NGIC, were in privity of contract under the Policy. *See, e.g.*, *Wilmington Trust v. National General Insurance Company*, C/A No. 1:21-cv-207, 2021 WL 2531063, at *4 n.6 (M.D.N.C. June 21, 2021) (denying NGIC's motion to dismiss arguing for dismissal pursuant to Rule 12(b)(6) on the ground that Integon, rather than NGIC, was the proper

15

defendant when the insurance policy at issue was submitted to the court bore NGIC's logo, but also stated that it was underwritten by Integon) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016) (rejecting defendant's argument on 12(b)(6) review that the plaintiff named the wrong party when an integral document attached to the complaint contained a letterhead that bore defendant's name)).

Appearing to recognize that dismissal under Rule 12(b)(6) is not appropriate, NGIC also argues that substitution pursuant to Rule 17(a) is warranted. ECF No. 9-1 at 7. This argument is also unpersuasive. NGIC is correct that Rule 17(a) provides that "an action must be prosecuted in the name of the real party in interest," and that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." *See* Fed. R. Civ. P. 17(a). However, the Supreme Court has made clear that Rule 17(a) "speaks to the joinder of *plaintiffs*, not defendants." *Lincoln Prop. Co.*, 546 U.S. at 90 (emphasis in the original).

In addition, the Court is persuaded by how this issue has been addressed by another district court. In *Wilmington Trust*, 2021 WL 2531063, the district court denied a motion to dismiss filed by NGIC arguing that dismissal pursuant to Rule 12(b)(6) was warranted based on the ground that the class of plaintiffs named NGIC as a defendant instead of Integon. *Wilmington Trust*, 2021 WL 2531063, at *2-4. Accepting the factual allegations of the complaint as true, the court denied NGIC's motion to dismiss, stating that, "[t]he court can reconsider this argument at a later date with a more developed record as to the proper defendant, as well as any motion to amend the complaint, if appropriate." *See id.* at *4. Later in that action, the plaintiffs moved to amend the complaint to join Integon as a defendant pursuant to Rules 15 and 20. *Wilmington Trust*, C/A No. 1:21-cv-207, 2021 WL 4951968, at *1 (M.D.N.C. Oct. 25, 2021). The court granted the plaintiffs'

16

motion, finding that it was unclear at the 12(b) stage whether National General or Integon was the proper party and that joinder of Integon as a defendant was proper under Rule 20. *Id.* at *4. Based on the foregoing, at this stage, dismissal based on Plaintiff's purported failure to name Integon, instead of NGIC, is not warranted and the Court does not believe that a substitution of party under Rule 17(a) is proper.

**Defamation**

NGIC contends that the Fourth Cause of Action asserting the defamation claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. ECF No. 9-1 at 8. NGIC argues that the Complaint does not sufficiently allege with specificity the alleged defamatory statements made by NGIC. *Id.*

Plaintiff contends that he pled defamation with sufficient specificity. ECF No. 13 at 4. Plaintiff argues that the Complaint alleges a speaker (NGIC, through its agents); a recipient (the SCDMV); the contents (statements that Plaintiff was uninsured on March 12, 2025); falsity (Plaintiff had an active insurance policy and paid premiums); and damages (criminal exposure, reputational harm, and emotional distress). *Id.*

In the Complaint, Plaintiff alleges that NGIC, through its agents and employees, published false statements to third parties, including the SCDMV "and other parties," asserting that Plaintiff was uninsured on March 12, 2025. ECF No. 1-1 ¶ 29. Plaintiff alleges that such statements were false because Plaintiff had an active insurance policy, Plaintiff paid premiums continuously, and NGIC had issued coverage letter confirming coverage. *Id.* ¶ 30. Plaintiff alleges that NGIC knew or should have known that such statements were false, or that NGIC acted with reckless disregard to such statements' falsity. *Id.* ¶ 31. Plaintiff alleges resulting damages, including exposure to criminal liability, reputational harm, and emotional distress. *Id.* ¶ 33. In addition, Plaintiff attached

a Response to Financial Responsibility Accident issued by the SCDMV relating to the March 12, 2025 accident showing that the box for insurance information, "to be completed by [an] insurance company or agent," is blank. *Id.* at 11.

Under South Carolina law, to state a claim for defamation, a plaintiff must allege that: (1) a false and defamatory statement was made; (2) the unprivileged publication of the statement was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement regardless of special harm or the publication of the statement caused harm. *See, e.g.*, *Cunningham v. Grant*, C/A No. 6:24-cv-2616-TMC-WSB, 2026 WL 384838, at \*10 (D.S.C. Jan. 20, 2026) (quoting *Tharp v. Media Gen., Inc.*, 987 F.Supp.2d 673, 678–79 (D.S.C. 2013)), *R&R adopted by* 2026 WL 383495 (D.S.C. Feb. 11, 2026); *White v. Richland Cnty. Sheriff's Dep't*, C/A No. 0:25-cv-12834-SAL-SVH, 2025 WL 4071459, at \*4 (D.S.C. Nov. 24, 2025) (quoting *Kunst v. Loree*, 817 S.E.2d 295, 302 (S.C. App. 2018)), *R&R adopted by* 2026 WL 173917 (D.S.C. Jan. 21, 2026).

NGIC contends that Plaintiff fails to "sufficiently state with specificity the alleged defamatory statements alleged against Defendant." ECF Nos. 9-1 at 8; 14 at 2. NGIC relies on three cases in support of its argument: (1) *Hughs v. Royal Energy Res., Inc.*, C/A No. 2:20-cv-01566-DCN, 2020 WL 6689132 (D.S.C. Nov. 12, 2020); (2) *Colleton v. Charleston Water Sys.*, 225 F.Supp.3d 362, 370 (D.S.C. 2016); and (3) *Boykin v. Prisma Health*, C/A No. 3:23-cv-1234-CMC-KDW, 2023 WL 5488448 (D.S.C. Aug. 8, 2023). ECF Nos. 9-1 at 8; 14 at 2. While NGIC cites these cases in support of this argument, NGIC does not meaningfully apply the cases to the instant matter.

NGIC cites to *Hughs*, 2020 WL 6689132, at \*3, for the proposition that "[a] complaint that does not 'state with specificity the time, place, medium, and listener of the alleged defamatory statements' fails to state a claim for defamation." ECF No. 9-1 at 8. However, NGIC fails to

identify how the Complaint is deficient in view of *Hughs*. Drawing all reasonable inferences in favor of Plaintiff, the Complaint contains sufficient allegations to state a claim. The alleged defamatory statement was that Plaintiff was uninsured at the time of the March 12, 2025 accident. NGIC allegedly communicated the statement to the SCDMV, through NGIC's agents and employees. The time of the alleged defamatory statement was between the March 12, 2025 accident and the issuance of the Financial Responsibility Accident form. Thus, the statement, place, speaker, listener, and time are adequately identified. These allegations are distinguishable from the cases on which NGIC relies. Ultimately, the Complaint provides adequate notice to NGIC of the alleged defamation by specifically identifying the defamatory statement, the alleged speaker and listener of such statement, and the alleged time period in which such statement was made.

In *Hughs*, the defendant specifically argued that the plaintiff's complaint failed to allege two specific elements of the plaintiff's defamation claim. *See Hughs*, 2020 WL 6689132, at *2, 4. The court granted the defendant's motion to dismiss on the plaintiff's defamation claim because the plaintiff failed to sufficiently identify any defamatory statements and because the defendant's argument as to conditional privilege was persuasive. *See id.* at *3-6. NGIC has failed to identify a specific element that is not specifically alleged in the Complaint and fails to advance any argument regarding the application of privilege to the alleged defamatory communication. Furthermore, as discussed above, the Court is persuaded that the Complaint sufficiently identifies a specific defamatory statement, that Plaintiff was not insured at the time of the March 12, 2025 accident, along with sufficient allegations regarding the circumstances under which the statement was made.

In *Colleton*, the defendants' motion to dismiss as to the plaintiff's defamation claim argued that the plaintiff failed to allege the time or place in which the alleged defamatory statement took

place.  *Colleton*, 225 F.Supp.3d at 369.  The court granted the defendants' motion to dismiss as to the plaintiff's defamation claim because the defendants could not "be expected to defend against an allegation that [an employer] defamed [the plaintiff] by making a statement heard by unknown persons at an unknown place at an unknown time."  *Id.*  Drawing all reasonable inferences from the Complaint, Plaintiff has adequately alleged that the alleged defamatory statement was transmitted by NGIC to the SCDMV sometime between the March 12, 2025 accident and the issuance of the SCDMV's Response to Financial Responsibility Accident form.  The Court is not persuaded that, in view of *Colleton*, that the Complaint fails to put NGIC on notice of the alleged defamation.

In *Boykin*, the defendant's motion to dismiss as to the plaintiff's defamation claim argued that the plaintiff failed to plead with sufficient particularity what "statements were made by whom and to whom."  *Boykin*, 2023 WL 5488448, at *6.  The court agreed with the defendant and granted its motion to dismiss because the plaintiff "provided no specificity as to what was actually said to whom … or who the supposed 'unprivileged employees and members of the community' were to whom the alleged defamation was published."  *Id.*  Plaintiff has specifically identified the alleged defamatory statement, that Plaintiff was uninsured on March 12, 2025, and has also specifically identified to whom such statement was made, the SCDMV.  ECF No. 1-1 ¶¶ 29.

Plaintiff has sufficiently pled his defamation claim.  Plaintiff alleges a false and defamatory statement, NGIC stating that Plaintiff was uninsured at the time of the March 12, 2025 accident.  ECF No. 1-1 ¶ 29.  Plaintiff alleges an unprivileged publication of such statement to a third party, the SCDMV.  *Id.*  Plaintiff alleges that the statement caused harm, including reputational harm, emotional distress, and exposure to criminal liability.  *Id.* ¶ 33.  Based on the foregoing, NGIC's cursory arguments as to the defamation claim are not persuasive and the Court finds that Plaintiff

sufficiently pleads the defamation claim. Accordingly, the undersigned recommends that the district court deny NGIC's Motion to Dismiss as to the Fourth Cause of Action.

<b><u>CONCLUSION AND RECOMMENDATION</u></b>

Based on the foregoing, the undersigned **RECOMMENDS** that the district court **DENY** NGIC's Motion to Dismiss (ECF No. 9).

**IT IS SO RECOMMENDED.**

s/William S. Brown<br>United States Magistrate Judge

May 29, 2026
Greenville, South Carolina

*The attention of the parties is directed to the important notice on the following page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

22