# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ANDERSON/GREENWOOD DIVISION

|  |  |  |
|---|---|---|
| Donald Smith, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action 8:26-cv-00626-TMC-WSB |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| National General Insurance Company | ) | |
| *d/b/a* Direct Auto Insurance, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Plaintiff Donald Smith, an attorney proceeding *pro se*, filed this action in state court asserting causes of action for declaratory judgment, breach of contract, bad faith refusal to pay insurance benefits, and defamation. (ECF No. 1-1). Defendant National General Insurance Company doing business as Direct Auto Insurance removed the action and filed the instant motion to dismiss. (ECF No. 9). Now before the court is the magistrate judge's[1] thorough and well-considered report and recommendation ("Report"), recommending the court deny the motion to dismiss. (ECF No. 16). The magistrate judge informed the parties of their right to file objections to the Report, (*id*. at 22), and each party received *electronic* notice of the Report. Nevertheless, neither party filed objections to the Report, and their deadline to do so has now passed.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).

---

[1] This matter was referred to a magistrate judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

1

Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Accordingly, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's recommendation in the Report. (ECF No. 16). The motion to dismiss, (ECF No. 9), is hereby **DENIED**.

s/Timothy M. Cain
Chief United States District Judge

June 15, 2026
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.